IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **G&G CLOSED CIRCUIT EVENTS, LLC,** as Broadcast Licensee of the February 27, 2021 Saul "Canelo"Alvarez v. Avni Yildirim Championship Fight Program,<br><br>Plaintiff,<br><br>v.<br><br>**FLORENCIO AGUILAR, individually, and d/b/a EL GUSANTIO TAQUERIA and f/k/a CHILI GORDOS, and f/k/a CHILI GORDOS MEXICAN CAFÉ,**<br><br>Defendant. | Civil Action No. **3:24-cv-434-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff G&G Closed Circuit Events, LLC's ("G&G" or "Plaintiff") Motion for Default Judgment (Doc. 10) ("Motion"), filed August 28, 2024, in which it moves for entry of a default judgment against Defendant Florencio Aguilar, individually, and d/b/a El Gusantio Taqueria and f/k/a Chili Gordos, f/k/a Chili Gordos Mexican Café ("Defendant" or "Mr. Aguilar"). After consideration of the Motion, brief, supporting evidence, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment (Doc. 10).

### I. Factual and Procedural Background

Plaintiff was exclusively authorized to sub-license the closed-circuit telecast of the February 27, 2021, Saul "Canelo" Alvarez v. Avni Yildirim Championship Fight Program (the "Event") at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, and restaurants throughout Texas. Doc 1 at 3. Plaintiff contracted with several establishments throughout Texas

and granted them the right to broadcast the Event in exchange for a fee. *Id.* Plaintiff alleges that on February 27, 2021, either by satellite transmission or through unauthorized receipt over a cable system, Defendant intercepted or received the communication of the Event and published it. *Id.* at 3-4. Defendant was not authorized to intercept, receive, or transmit the communication of the Event at any time. *Id.* at 4.

Plaintiff filed this suit on February 23, 2024, against Defendant, alleging that he violated the Federal Communications Act ("FCA"), pursuant to 47 U.S.C. §§ 553 and 605. *Id.* Defendant had twenty-one days from service of Complaint to answer, which he did not do, and the court ordered Plaintiff to request entry of default and move for default judgment no later than August 28, 2024. *See* Docket Generally; Doc. 7. On August 28, 2024, Plaintiff filed its Motion requesting that the clerk of court enter default and the court enter default judgment against Defendant. Doc. 10. The clerk of court entered default on August 29, 2024. Doc. 11. As of the date of this order, Defendant has not answered or otherwise responded to Plaintiff's Complaint.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendant, and Plaintiff now requests that the court enter a final default judgment against him.

Based upon the information in the record, the court finds, that Defendant is not a minor, incompetent person, or member of the United States military. Defendant, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr.*

*Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc*., 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id*. (citation omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, the evidence submitted by Plaintiff in support of its Motion, and the record in this action, the court determines that Defendant is in default, and that Plaintiff is entitled to a default judgment and appropriate damages.

Further, based upon the record, evidence, and applicable law, the court concludes that Defendant has violated 47 U.S.C. §§ 553 and 605, that G&G is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Defendant's statutory violations. Accordingly, the court determines that Defendant is liable to G&G in the amount of $10,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and G&G shall recover this amount from Defendant. Further, the court determines that an additional $50,000 shall be awarded to G&G, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Defendant's actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain. Moreover, the court determines that such damages are necessary to deter Defendant and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that G&G is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the

case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case, for legal services performed. Plaintiff's counsel estimates that he has expended approximately eight hours on this litigation and believes that a blended hourly rate of $300 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel and his law firm, and agrees that an hourly rate of $300 would normally be reasonable under the circumstances of this case; however, the court will award Mr. Diaz $350 per hour. Given his 25 years as an attorney and that the court awarded him $300 an hour in *G&G Closed Circuit Events LLC v. Linares Guanajuato Inc. et al.,* 3:20-cv-02835-L (N.D. Tex. Jan. 13, 2021), almost four years ago, the court determines that a fee of $350 is more reasonable and an appropriate hourly fee when taking into account inflation.

Accordingly, the court awards Plaintiff $2,800 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees if it prevails on appeal.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment (Doc. 10). As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Defendant and in favor of G&G in the total amount of $62,800, which consists of $10,000 as statutory damages; $50,000 additional statutory damages; and $2,800 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of 4.22 percent from the date of its entry until it is paid in full.

**It is so ordered** this 18th day of December, 2024.

Sam A. Lindsay
United States District Judge